**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2011

Lyle W. Cayce
Clerk

No. 10-50427
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR BARRIENTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-127-7

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Oscar Barrientos pleaded guilty to conspiracy to possess with intent to distribute and distribution of cocaine. He was sentenced to, inter alia, 121 months of imprisonment and a three-year term of supervised release. Barrientos filed a timely notice of appeal.

For the first time on appeal, Barrientos asserts that the district court should have decreased his offense level by two levels, pursuant to U.S.S.G. § 3B1.2(b), based on his minor role in the offense. He points out that his sole

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

role in the offense was to drive loads of drugs 90 miles between Dallas and Waco, Texas.  He further maintains his role was minor relative to that of all the other indicted co-conspirators who were either mid-level dealers or major suppliers. Because this issue is raised for the first time on review, we review it for plain error.  *See United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).

Because a mere courier is not necessarily a minor participant in an offense, the district court did not plainly err in failing to award Barrientos the two-level adjustment pursuant to § 3B1.2(b) despite his purportedly small role in the offense.  *See Martinez-Larraga*, 517 F.3d at 272-73.  Moreover, in a case such as this one where a defendant is sentenced only for conduct that is directly attributable to him, § 3B1.2 does not require a district court to grant a minor-role adjustment even if the defendant plays a small part an overall criminal scheme.  *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001).

Barrientos has not shown that the district court committed reversible plain error.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  The judgment of the district court is AFFIRMED.